# Joseph C. Harper *v.* The Philadelphia Traction Company, Appellant.

*Negligence—Street railways—Wagon on track.*

In an action to recover damages for personal injuries it appeared that plaintiff while driving a wagon was injured by one of defendant's electric cars colliding with his wagon.   Plaintiff was driving on the west-bound track on a street where there were two tracks, at a time when there were piles of snow between the tracks and the sidewalks.   Hearing a car approaching behind him he turned into the east-bound track, and after the

car had passed he drove on for twenty or twenty-five feet, when he turned back towards the west-bound track, but before he could reach the track his wagon was struck by a car on the east-bound track, running at a very high rate of speed. There was evidence that a butcher's wagon was being driven immediately behind the west-bound car, and that it was the presence of this wagon which prevented plaintiff from turning sooner into the west-bound track. *Held,* that the case was for the jury.

Argued April 2, 1896. Appeal, No. 185, Jan. T., 1896, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 943, on verdict for plaintiff. Before STERRETT, C. J., McCollum, Mitchell, Dean and Fell, JJ. Affirmed. Mitchell, J., dissents.

Trespass for personal injuries. Before WILLSON, J.

At the trial it appeared that plaintiff was injured on January 9, 1895, while driving a wagon on Lancaster avenue in Philadelphia. The defendant company operated a double track railway on Lancaster avenue. Shortly before the accident there had been a severe snow storm, and the snow was piled in banks between the sidewalks and the tracks. Plaintiff was driving his wagon on the west-bound track when he heard a car approaching from behind; he turned into the east-bound track, and after the car had passed he drove on for twenty or twenty-five feet when he turned back towards the west-bound track, but before he could reach the track his wagon was struck by a car on the east-bound track. There was evidence that this car was run at a very high rate of speed. There was also evidence that a butcher's wagon was being driven immediately behind the west-bound car, and that it was the presence of this wagon which prevented plaintiff from turning sooner into the west-bound track. The accident occurred to the east of Thirty-seventh street. It appeared that there is steep descent from Thirty-eighth street to the point where plaintiff was struck.

Defendant's points were among others as follows :

1. If the jury believe from the evidence that the injury complained of was caused by the fact that just as the plaintiff was about to return to the west-bound track a butcher cart or wagon drove up suddenly behind the west-bound car, thereby either negligently or maliciously preventing plaintiff from driving into the west-bound track and compelling him to turn suddenly

from the west-bound track to the east-bound track, and that immediately as he so turned the east-bound car ran into his wagon, and that had it not been for the intervention of the said wagon plaintiff would have gotten clear of the east-bound track in time to have avoided the collision, the said wagon being an intervening cause of the injury for which the defendant company was not responsible, the verdict must be for the defendant, even though the jury may also believe that the said defendant's trolley car was running at a high and reckless rate of speed. *Answer:* Refused. [1]

2. As the uncontradicted testimony shows that the accident which caused the injury complained of arose from the intervention of an independent cause, for whose action the defendant company is not responsible, the verdict must be for the defendant. *Answer:* Refused. [2]

3. The evidence shows that the plaintiff was guilty of negligence which contributed to produce the injury complained of, and therefore he cannot recover. *Answer:* Refused. [3]

4. Under all the evidence the verdict must be for the defendant. *Answer:* Refused. [4]

The court charged in part as follows:

[Now, some of the witnesses called for the defendant say that he was prevented from getting back by reason of a butcher wagon driven upon that west-bound track, and that the driver of the butcher wagon shouted to him, or warned him, not to come on the track at that moment. Perhaps, if he had, he would have had an equally severe collision. They say that after he drew back upon the east-bound track, and not long after, for it could not have been long, he was struck by a car which was coming east upon Lancaster avenue. Now, that is just the point of time and space to which you are to direct your attention. Was that car which was coming east managed in such a way—so carelessly and so negligently, with regard to the position that the plaintiff was in—that the fault must be said to have been the fault of the motorman of that car, and his fault alone? If so, the plaintiff is entitled to recover; if not, he is not entitled to recover. You ought to look at that question with absolute candor and try to settle it properly.] [5]

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*J. Howard Gendell, S. Davis Page* with him, for appellant, cited on the question of contributory negligence : Thomas v. Citizens' Pass. Ry.; 132 Pa. 504 ; Carson v. Federal St. & Pleasant Valley Ry., 147 Pa. 219 ; R. R. v. Bell, 122 Pa. 58 ; Moore v. R. R., 108 Pa. 349 ; Wheelahan v. Phila. Traction Co., 150 Pa. 187 ; Onslaer v. Pittsburg & Birmingham Traction Co., 168 Pa. 319 ; Warner v. People's St. Ry., 141 Pa. 615 ; Carroll v. R. R., 12 W. N. 348 ; Patton v. Philadelphia Traction Co., 132 Pa. 76.

*Louis Brégy, H. Homer Dalbey* with him, for appellee, cited on the question of negligence : Thatcher v. Traction Co., 166 Pa. 66 ; Haney v. Traction Co., 159 Pa. 398 ; Ehrisman v. Harrisburg Co., 150 Pa. 180 ; Gilmore v. Ry., 153 Pa. 31.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 13, 1896 :
    This case depended on questions of fact which were clearly for the consideration of the jury, and they were accordingly submitted to them by the learned trial judge in a clear, concise and fully adequate charge to which no just exception can be taken. Their verdict necessarily implies a finding of the controlling facts on which plaintiff's right to recover depended, viz : that defendant company's negligence was the proximate cause of plaintiff's injury, and that he was not chargeable with any negligence that contributed thereto.     These findings of fact were fully warranted by the evidence.     It was impossible for them to have found otherwise without discrediting the testimony as to the dangerously high rate of speed at which defendant's car was running at the time of the collision, the neglect of the motor man to check its speed, etc.
    The first four specifications of error are based on the learned court's refusal to charge as requested in defendant's points recited therein respectively.     As to the first specification, there is nothing in any of the facts, which the testimony tended to prove, that would have warranted the jury in drawing the conclusion that the wagon, which was being driven immediately behind the west-bound car, was such an intervening cause of plaintiff's injury as could relieve defendant from the conse-

quences of its negligence in "running at a high and reckless rate of speed." Nor is there any evidence that the driver of the wagon in question acted improperly in following closely behind the west-bound car. For aught that appears, he had an undoubted right to do so, and his conduct affords no excuse whatever for defendant company's neglect to exercise that degree of care that was manifestly required in the circumstances. There was no error in refusing to affirm the point. Nor was there any error in refusing to give the binding instructions requested in the second point. The assumed facts, of which it is predicated, were neither admitted nor found by the jury ; nor is there any testimony in the case from which they could have been found. In view of the testimony it would have been plain error to have affirmed either of defendant's requests for binding instructions. The first to fourth specifications, inclusive, are therefore dismissed.

The fifth and last specification, based on a portion of the learned judge's charge, is without merit. As has already been intimated, the charge as a whole, including of course the paragraph complained of, is not only free from error, but quite as favorable to the defendant as was warranted by any view that can be reasonably taken of the testimony. There is nothing in any of the questions involved that requires discussion.

Judgment affirmed.

MITCHELL, J., dissents, being of opinion that this was a clear case of contributory negligence.